Keogh, 109 N. Y. 583, 17 N. E. 131, the court said that, after the assessors had estimated and computed the taxes for the year, the board "must set down against each item of property the sum, in dollars and cents, which is to be paid as a tax thereon. When these and other duties, not necessary to be particularized here, have been performed, the assessment rolls are only then completed and prepared for confirmation, and ready to be transmitted to the receiver of taxes. Until these requirements of the law have been fulfilled, the tax is not due or payable, and no lien attaches to the property, nor can any legal charge for any tax be said to rest upon it." All these cases indicate that the duty of carrying out on the rolls the computation of the amount of the assessment upon each parcel of land is an integral part of the process for the collection of taxes, required by statute to be observed by boards of assessors.

In our view, no difference arises, as to the construction to be placed upon the provision of the Greater New York charter, from the fact that it makes it the duty of the president of the council to cause this computation to be made, and the amount inserted in the roll. Until such computation and carrying out have been accomplished, the tax roll is not complete, and no authority exists for the issuing of a warrant for the collection of taxes. It is the fact of the power to issue, and the actual issuing of the warrant, which determines the time when the taxes become a lien; for it is only then that the processes prescribed for the assessment of the taxes have become complete.

It follows that the taxes of 1899 were not a lien upon the premises in question at the date of the delivery of the deed. Judgment should be ordered accordingly for the defendant, but without costs, agreeably to the stipulation. All concur.

---

### McDONALD v. JAFFA et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

LIMITATION OF ACTIONS—OPEN ACCOUNT—WHEN STATUTE BEGINS TO RUN.

An account for services rendered by a plumber, extending over a period of about 1½ years, and consisting of items on the one side and of payments on the other, and without agreement as to time of payment, is not a mutual, open, and current account, within Code Civ. Proc. § 386, providing that, in an action for a balance due upon such account, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Edward McDonald against Henry Jaffa and another to recover upon an account for services rendered. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

C. J. Belfer, for appellants.
Max Brill, for respondent.

JENKS, J. The action is for work, labor, and services in 1891 and 1892. The defendants plead payment, accord and satisfaction, the

statute of limitations, and general denial. The summons was issued on December 20, 1898, and was served on December 21, 1898. Upon trial the court dismissed the complaint as to Ray Jaffa, and gave judgment against Henry Jaffa for $51.97 damages, besides costs. The bill of particulars shows many petty items of plumbing work done on various days, beginning May 2, 1891, and ending on December 29, 1892. It appears that the services (many of them being repairs) were such as ordinarily are rendered by a plumber to a householder as occasion requires. There is no proof of any agreement as to time of payment, or that the work was performed under a continuous contract. Moreover, it appears that bills for parts of the work were rendered from time to time. The statute of limitations was a bar to all of the items save that of December 29, 1892, unless the defendant had made it unavailable. The learned trial justice held that payment on account had been made within six years, and that therefore the statute did not apply. Even considering the account as a totality, I cannot find any evidence of such payment. The plaintiff, when asked to state what work was done within six years immediately before the commencement of the action, answered: "The last work done on Mr. Jaffa's house was on December 29, 1892; repairing leak under sink; two dollars and ninety-eight cents." When asked on cross-examination whether he remembered the last time a payment was made to him, which, "according to his bills, was twelve dollars and seven cents," he answered: "He [the defendant] paid that in his own rooms after my bookkeeper called at his house a number of times. He paid that to me personally. He paid it at his rooms, in his house." This payment is evidently that stated in the last credit on the last bill of particulars, under the date of December 11, 1892. Here is not a balance due upon a mutual, open, and current account, under section 386 of the Code of Civil Procedure; for the account consists of but items upon the one side, and of payments upon the other. Ross v. Ross, 6 Hun, 80; Green v. Disbrow, 79 N. Y. 1.

The judgment against Henry Jaffa must be reversed, and a new trial must be ordered. The judgment as to Ray Jaffa is affirmed.

Judgment of the municipal court against Henry Jaffa reversed, and new trial ordered; costs to abide event. Judgment as to Ray Jaffa affirmed, without costs. All concur.

---

## In re WELLING'S ESTATE.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. EXECUTORS AND ADMINISTRATORS — TESTAMENTARY TRUST — DEFICIT — COM-
PROMISE—AGREEMENT—ALLOWANCE TO EXECUTORS.

An allowance from an estate on accounting to executors of an executor and testamentary trustee, who were his widow and children, was not precluded by their agreement, made on turning over property of such trustee in compromise of his deficit, to pay all legal debts, funeral expenses, etc., against the estate of such trustee, and waiving all claims of his widow and children against his estate for services, since such agreement to pay referred to debts then outstanding, and not to possible future allowances on the accounting, and the waiver did not include an allowance in their representative capacities as executors.